THOMAS C. ARNOW *et al.*, Respondents, *v.* JOHN D. FERGUSON, Impleaded, etc., Appellant.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Costs.    Separate bills.*—Where, in an action of trespass, the court restricted
the defendants to one bill of costs and awarded them to one defendant
only, it is error, so long as such order stands unreversed, to tax a bill
of costs in favor of another defendant and enter judgment therefor.

Appeal from order vacating judgment entered in favor of
defendant Ferguson for a dismissal of the complaint and
judgment on the issue, with $85.59 costs.

The defendant Ferguson was a contractor employed by
Walter Charles, a highway commissioner, to remove a fence
which was an obstruction in the highway. Plaintiff, as
owner of the fence, sued Charles, the appellant, and others
for $2,000 damages for trespass. The appellant was arrested
in the action, and compelled to give bail. He employed his
own regular attorney, who appeared, answered and defended
for him. On the trial a verdict was rendered " for the de-
fendants." After the rendition of the verdict, plaintiff's
attorney asked that the defendants be restricted to one bill
of costs, stating no grounds, and presenting no papers on his
motion. The court ruled that the question of title to real
estate was involved, and therefore that but one bill of costs
should be allowed, and that to the commissioner who had
appeared by another attorney. Such ruling, however, was
not part of the clerk's minutes, nor of the judgment.

Appellant thereupon taxed his costs, and entered judg-
ment upon the verdict. On plaintiff's motion the judgment
was vacated, and this appeal is from the order vacating judg-
ment.

*Wm. C. Reddy*, for appellant.

*Baker & Risley*, for respondent.

DYKMAN, J.—This was an action of trespass against several defendants, and the jury found a verdict for the defendants.

Upon the rendition of the verdict, the counsel for the plaintiff moved to restrict the defendants to one bill of costs, and that motion was granted, and one bill of costs was awarded to the defendant Charles. Then the defendant Ferguson caused a bill of costs to be taxed in his behalf, and entered a judgment therefor.

That judgment was vacated on motion, and this is an appeal from that order.

The statement of the case shows the irregularity of the judgment. So long as the order made at the trial stood unreversed, but one judgment for costs could be entered against the plaintiff.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurs.

---

NOTE ON " SEPARATE BILLS OF COSTS."

As to when several municipal officers are entitled to but one bill of costs, see Hequembourg *v.* Bookstaver, 154 Hun, 88.

Two bills of costs will be allowed upon discontinuance of action, where separate answers were necessary and were substantially different. Mazet *v.* Crow, 24 Abb. (N. C.) 372.

One of several defendants, to whom a single bill of costs was awarded, can enforce it against the sureties on the undertaking on the appeal. Fritchie *v.* Holden, 57 Hun, 585.

Where a judgment in favor of several defendants was subsequently as to all but two of them, reversed by the court of appeals, these two were held to be entitled to statutory costs, but not to the additional allowance which had been awarded to all the defendants collectively in the lower court. Met. E. R. R. Co. *v.* Duggan, 58 Hun, 156.

It is proper for the plaintiff, where, under instructions of the court, he has been permitted to recover against two defendants in unequal amount,

to tax a separate bill of costs against each defendant. McIntyre v. Winnie, 21 Civ. Pro. 208.

Where two defendants, who are not united in interest, interpose a joint answer and use jointly the same appeal papers, and the judgment is reversed with costs as to one of them, the costs before and for argument can be, but the trial costs cannot be, taxed in favor of such defendant, and the disbursements of the appeal can only be allowed when paid or incurred by both appellants. Kane v. Met. E. R. R. Co., 28 N. Y. St. Rep. 399.

It is irregular for a defendant, so long as an order made at the trial stands awarding costs to another defendant only, to tax a separate bill of costs. Arnow v. Ferguson, 55 Hun, 611.

In an action against a husband and wife to recover for services, where they answered separately but by the same attorney, and the trial resulted in the dismissal of the complaint as to the husband and a judgment in favor of the plaintiff against the wife, the court is authorized in its discretion to award costs to the husband only conditionally, to be offset against the judgment recovered against the wife. Hodgkins v. Mead, 17 Civ. Pro. 16.

Defendants, who interpose separate answers by different attorneys, are presumably entitled to separate bills of costs. Howell v. Veith, 2 City Ct. 405. Such presumption is destroyed by proof that one of the attorneys is the clerk of, and occupying the same office with, the other. Id.

Under § 3229 of the Code, where several defendants unite in one answer, none of them are entitled to. costs unless all are so entitled. Sawyer v. Thurber, 14 Civ. Pro. 204.

Where one or more defendants are sued upon a joint and several liability, and one answers and the others make default, the entire costs may be taxed against all the defendants. Delatour v. Bricker, 2 City Ct. 22.

In actions at law, where all the defendants have succeeded upon the trial, those not united in interest who have appeared by different attorneys have the right to present bills of costs to the clerk and have them taxed. Del., L. & W. R. R. Co. v. Burkard, 40 Hun, 625. They are entitled to costs of course and as a right. Id. But this right can be defeated by showing that the parties are united in interest or collusively appeared by separate attorneys in bad faith, for the purpose of enhancing the plaintiff's costs. Id. The burden of this proof rests upon the plaintiff. If, in such case, more than one bill of costs is taxed, he can move at special term for a retaxation and for the striking out of one bill of costs. Id.

§ 3230 of the Code does not require that the award of separate bills of costs to separate defendants should be made at the trial. Andrews v. Moller, 20 W. Dig. 377. It may be made at any time. Id. The confirmation of the taxation of such separate bills upon a motion to set it aside, is equivalent to such award. Id.

In Fischer v. Langbein, 31 Hun, 272, it was held, where the defendants who answered and defended separately, were allowed separate bills of costs, but, upon appeal by the plaintiff to the general term, were each represented by the same counsel, that they were entitled to but one bill of costs on appeal.